IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-20212
Summary Calendar
_____

JAMES BARRNETT WILKIE,

                                        Plaintiff-Appellant,

versus

DALE MYERS, Sheriff,

                                        Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-95-CV-1520
- - - - - - - - - -

January 26, 1999

Before JOHNSON, DUHE', and STEWART, Circuit Judges.

PER CURIAM:[*]

    James Wilkie, Texas prison inmate # 348952, appeals the
dismissal of his civil rights action against former Sheriff Dale
Myers of Walker County, Deputy Sheriff Mike Hess, and Jailer
James Downer.  The suit was based on events which allegedly
occurred when Wilkie was incarcerated in the Walker County Jail.
Finding no abuse of discretion, we AFFIRM the district court's
dismissal of the case pursuant to 28 U.S.C. § 1915(e)(2).

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Wilkie has abandoned his claims that the Spears hearing he received was inadequate, and of substandard jail conditions, by failing to brief them. See Al-Ra'id v. Ingle, 69 F.3d 28, 33 (5th Cir. 1995); Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

The district court did not abuse its discretion by dismissing Wilkie's claims of inadequate medical attention, failure to protect him from other inmates, and loss of personal property, because he failed to state or even suggest that Sheriff Myers was personally involved in the relevant events. See Thompkins v. Belt, 828 F.2d 298, 303-04 (5th Cir. 1987); 28 U.S.C. 1915(e)(2). The district court did not err by dismissing Wilkie's property-loss claim against Hess, because Wilkie has an adequate remedy therefor under Texas state law. Murphy v. Collins, 26 F.3d 541, 543 (5th Cir. 1994).

The district court did not abuse its discretion by dismissing Wilkie's claim that Downer withheld his medications from him, because it is refuted by Wilkie's medical records. See Banuelos v. McFarland, 41 F.3d 232, 233-34 (5th Cir. 1995). Nor did the court err by dismissing Wilkie's claim that Downer retaliated against him for requesting his medications. Wilkie's testimony at the Spears hearing shows that this claim is based only on Wilkie's personal belief, which is insufficient. See Johnson v. Rodriquez, 110 F.3d 299, 310 (5th Cir.), cert. denied, 118 S. Ct. 559 (1997).

Wilkie contends that he is entitled to relief on grounds that his request for the Spears hearing transcript was denied by

unnamed personnel of the state prison unit where the hearing was held.  If Wilkie had made an inquiry, he would have learned that the transcript is included in the appellate record.  Wilkie could have borrowed the record from this court for use in preparing his brief, but he did not do so.  Wilkie is not entitled to relief on this claim because he was not prejudiced by the prison personnel's not responding to his request.

JUDGMENT AFFIRMED.